UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANGEL ALFREDO LEIVA GARCIA, | § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| TODD LYONS, *Acting Director, Immigration Customs and Enforcement,* **and** MARY DE ANDA-YBARRA, *Field Office Director for Enforcement and Removal Operations,* | § § § § § § § § | EP-25-CV-00242-DCG |
| *Respondents*. | § § | |

### ORDER DISMISSING HABEAS CORPUS PETITION WITHOUT PREJUDICE

Petitioner Angel Alfredo Leiva Garcia previously filed a habeas corpus petition challenging his detention by United States Immigration and Customs Enforcement ("ICE").[1] Since then, ICE has reportedly released Petitioner on bond.[2] Petitioner has therefore filed a Notice purporting to "withdraw[] the Petition without prejudice" to refiling.[3]

### I. DISCUSSION

**A.    Petitioner May Not Unilaterally Dismiss His Petition Without Prejudice**

Petitioner can no longer unilaterally withdraw his habeas corpus petition by filing a notice of dismissal. Federal Rule of Civil Procedure 41(a)—which applies in federal habeas

---

[1] *See generally* Pet., ECF No. 1.

[2] *See* Notice Withdrawal, ECF No. 11, at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, not the cited document's internal pagination.

[3] *See id.*

proceedings[4]—authorizes a plaintiff to voluntarily "dismiss an action without a court order" in only two circumstances:

(i) where "the opposing party" has not yet "serve[d] either an answer or a motion for summary judgment"; or

(ii) where the plaintiff files "a stipulation of dismissal signed by all parties who have appeared."[5]

That restriction exists to prevent plaintiffs from strategically dismissing their own case to avoid an imminent adverse ruling or otherwise prejudice the defendant.[6]

Condition (i) isn't satisfied here because Respondents have already filed a Response to the Petition.[7] Condition (ii) isn't satisfied either, because Petitioner hasn't filed a stipulation of dismissal signed by Respondents.[8] Petitioner's putative "Notice of Withdrawal" was therefore

---

[4] *See, e.g.*, *Gaines v. United States*, No. 3:19-CV-2678, 2020 WL 6293143, at *2 (N.D. Tex.), *report and recommendation accepted by* 2020 WL 6290328 (N.D. Tex. Oct. 26, 2020); *Payne v. Rader*, No. 11-2767, 2012 WL 214554, at *1 (E.D. La. Jan. 24, 2012).

[5] *See* FED. R. CIV. P. 41(a)(1)(A)(i)–(ii).

[6] *See, e.g.*, *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2020) (explaining that Rule 41(a)'s restrictions on voluntary dismissal exist "to prevent unfair prejudice to the other side in the case," such as "when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense").

[7] *See* Resp., ECF No. 9.

*See also Estes v. Werlich*, No. 16-cv-00141, 2021 WL 11586243, at *2 (D. Colo.) (indicating that "a response to a habeas application" qualifies as an "answer" that cuts off a habeas petitioner's right to unilaterally dismiss the petition under Rule 41(a)(1)(A)(i)), *report and recommendation accepted by* 2021 WL 11586264 (D. Colo. Sept. 20, 2021); *Reeves v. Braggs*, No. CIV-19-602, 2020 WL 8872292, at *1 (W.D. Okla. April 28, 2020) (similar).

[8] *See* Notice Withdrawal at 1–3.

ineffective.[9]  Under Rule 41, this "action may be dismissed at the plaintiff's request only by *court order*, on terms that the court considers proper."[10]

B.     **The Court Nevertheless Dismisses the Petition Without Prejudice**

The Court nevertheless sees fit to dismiss the Petition without prejudice to refiling.[11]  The Court perceives no way in which letting Petitioner withdraw his Petition at this early stage of the litigation would prejudice Respondents.[12]

---

[9] *See, e.g.*, *Apac v. Garcia*, No. 3:24-CV-00268, 2024 WL 3984039, at *3 (W.D. Tex. Aug. 23, 2024) ("Plaintiff can't unilaterally dismiss this case by filing a notice of dismissal . . . because Defendant has already answered Plaintiff's Complaint.  Thus, to the extent Plaintiff's Notice of Voluntarily Dismissal erroneously purports to dismiss the case . . . it has no legal effect.").

[10] *See* FED. R. CIV. P. 41(a)(2) (emphasis added).

[11] *See id.* ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").

*See also, e.g.*, *Apac*, 2024 WL 3984039, at *1–6 (reconstruing plaintiff's defective notice of dismissal under Rule 41(a)(1) as a motion to voluntarily dismiss the case under Rule 41(a)(2) and granting the motion).

[12] *See, e.g.*, *FEMA*, 628 F.3d at 163 (instructing courts to "first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice").

Indeed, now that ICE has reportedly released Petitioner on bond,[13] the Petition may well be moot.[14] If so, then the Court would give Petitioner exactly the relief he's seeking here:[15] a dismissal without prejudice to refiling.[16]

## II. CONCLUSION

The Court therefore **DISMISSES** Petitioner's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (ECF No. 1) **WITHOUT PREJUDICE**.

The Court thereby **CLOSES** the case.

**So ORDERED and SIGNED this 13th day of August 2025.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**

---

[13] *See supra* note 2 and accompanying text.

[14] *See Zavalunov v. Warden of Clinton Cnty. Corr. Facility*, No. 3:20-cv-2262, 2021 WL 2338955, at *1 (M.D. Pa. May 7, 2021) ("In the present case, the habeas petition challenges Zavalunov's continued detention pending removal. In light of the action recently taken by immigration officials, releasing Zavalunov on bond, the case is now moot and will be dismissed. Further, Zavalunov has received the relief he sought, namely, immediate release, or in the alternative bond. Consequently, the instant habeas corpus petition will be dismissed as moot." (citation modified)).

[15] *See* Notice Withdrawal at 1 (seeking to "withdraw[] the Petition without prejudice"); *see also supra* note 3 and accompanying text.

[16] *See, e.g.*, *McBride v. Lumpkin*, No. 19-51160, 2022 WL 1800842, at *2 (5th Cir. 2022) (emphasizing that once a habeas corpus petition becomes moot, the court should "dismiss[] the petition *without* prejudice—because to dismiss *with* prejudice is to make a determination on the merits").